**MOYER, In re claim of: MOSAIC TILE COMPANY, Appellant, v. BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION et, Appellees.**

Common Pleas Court, Muskingum County.

No. 38621.   Decided February 6, 1953.

248

Zinn & Tate, Zanesville, R. Donald Cultice, Columbus, for appellant.

C. William O'Neill, Atty Genl., John W. Hardwick, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By CROSSLAND, J:—

The appeal to this Court from the decision of the Board of Review of the Ohio Bureau of Unemployment Compensation disallowing appellant's appeal from the determination of a referee's decision affirming the administrator's determination favorable to the inclusion of wage credits of a former employe with her former employer by whom she was discharged for just cause involves no controversy of fact or reasonableness of order relating to established facts but solely a question of law, which was the question of law raised by the employer, appellant herein, as shown by the Transcript of Proceedings before the Referee, the employer's contention being that "the base period wages not previously used to pay benefits prior to this particular separation should be excluded."

It is conceded by appellee that, in as much as said former employee, Dorothy Marie Moyer, was discharged by appellant with just cause May 18, 1952, she was disqualified thereby from unemployment compensation relative thereto.

It is conceded by appellant that the Administrator's determination of maximum benefits of $598.00 for said employe's benefit year beginning February 11, 1952, pursuant to §1346-4 GC, became final March 9, 1952.

The law question relates to the inclusion or exclusion of the discharging employer's base period wage payments with relation to the discharged employe's subsequent unemployment compensation payment eligibility after subsequent employment by another employer within the ensuing benefit year from February 11, 1952.

This question involves the intended application of §1345-8(e) GC, which, in effect, provides that any wages paid to an employe during his base period, who is discharged with cause, shall be excluded from the computation in determining total benefits payable and that no benefits shall thereafter be paid based thereon, excepting for the general purposes otherwise of determining the validity of benefit rights and the statutory computation of weekly benefit amounts.

As this Court understands the foregoing provision of law it appears to express clearly the legislative intent that, while, on the one hand, base period wage payments of a discharging employer to a former employe who was discharged with cause will not affect the **mode** or **manner** by which to consider eligibility to unemployment compensation or the amount **otherwise** due, on the other hand, in so doing account cannot be taken or benefit had against the credit of such wages paid by a faultless former employer.

It is a familiar and well settled principle of law that related sections of statutory law should be construed together in order to give full effect to legislative intent in their enactment.

Relating the provisions and purpose of §1346-4 GC to more than a dependence upon compliance by a claimant with the equally effective provisions of other sections, such as §1345-6(c) and §1345-8(e) GC, is to undertake to ascribe legislative intent to thereby negate other express statutory enactment equally determinative of the benefit status of a particular claimant and to give controlling finality to the creation of a merely conditional base wage payment period, wholly unwarranted by any declaratory language of that sort relative to any such intended effect of said §1346-4 GC.

"A code of statutes relating to one subject is presumed to be governed by one spirit and policy, and intended to be consistent and harmonious, and all of the several sections are to be considered in order to arrive at the meaning of any part, unless a contrary intent is clearly manifest." **(City**

of Cincinnati v. Guckenberger, 60 Oh St, 353, 1st syllabus.)

Sec. 1346-4 GC merely sets up the base for **consideration**, not final determination, of an employe's subsequent benefit determination. Otherwise, there would have been no occasion at all for admitted legislative recognition of employe ineligibilities and there would be no purpose in other related statutory modifying provisions.

The sense of what this Court considers the legislature plainly provided and intended is well illustrated in the example of the facts of the instant case. Excepting for the fact that Dorothy Marie Moyer failed to apprise her employer, The Mosaic Tile Company, at the time of her continuing absence that it was unavoidable and presumably thereby inevitably was discharged—at any rate, she was discharged with just cause, excepting for which there was no known or shown occasion otherwise for her employment to terminate—it is a reasonable inference that in the normal and natural course of events of satisfactory service she would have continued to work there and been paid for her services as theretofore by her former employer, The Mosaic Tile Company. Why, then, should said Company later be charged for her **not** working as a result of some possible later unemployment on her part elsewhere, beyond its control, even though it may very likely have had available work itself for her had she merited continued employment by it?

"The burden of proof is upon the claimant to establish the right to unemployment benefits under the unemployment compensation law of Ohio." **(Shannon v. Bureau, 155 Oh St, 53, 1st syllabus.)**

And when Judge Middleton, on page 59 of his opinion, supra, said that:

"The claimant must act in good faith and make reasonable effort to find suitable employment,"

he might very well in this situation have said:

"The **employee** must act in good faith and make reasonable effort to **retain** suitable employment,"

thereby obviating attempted recourse to benefit payments unintended at the expense of a faultless and otherwise possibly continuing employer.

In short, this Court does not consider that the legislature intended, without language so stating, that a faultless employer should afterward be liable for the unemployment of a faulty former employe, discharged with cause, but that, on the contrary, it plainly intended, as it accordingly provided, that where the fault was that of the employe "no

benefits shall thereafter be paid based upon such wages" formerly "paid to such individual during his base period by the employer," and that is why the legislature in its enactment of §1345-8(e) GC expressly and specifically provided that "any wages" so paid "shall be excluded from the computation in determining total benefits **payable.**"

Accordingly, the determination of the administrator and the affirming decision of the Referee and disallowing appeal therefrom of the Board of Review were each and all unlawful and against the manifest weight of the evidence with respect to the effect of §1346-4 GC and the application of §1345-8(e) GC, and final judgment is entered for appellant in accordance with the modification that no benefits shall be paid to claimant-appellee, Dorothy Marie Moyer, on or after June 1, 1952, based upon wages paid by appellant, The Mosaic Tile Company, during her base period ending February 8, 1952, or thereabouts.

Exceptions are granted to all appellees.